IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Grant and Dockside And Beyond, LLC, | ) ) ) Civil Action No. 4:21-cv-01833-SAL |
| Plaintiffs, | ) ) ) |
| vs. | ) **DEFENDANT'S MOTION TO** ) **DISMISS, OR IN THE ALTERNATIVE,** ) **TO TRANSFER VENUE** |
| State National Insurance Company, Inc., | ) ) |
| Defendant. | ) ) ) |

Defendant State National Insurance Company, Inc. ("**State National**") moves pursuant to *Fed. R. Civ. P.* 12(b)(6) to dismiss this case for failure to state a claim for which relief may be granted. In the alternative, State National moves to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and the express terms of the applicable contract of marine insurance. This Motion is supported by the Plaintiffs' Complaint (D.E. 1-1), the marine insurance policy attached as **Exhibit A**, and the within memorandum of law.

**FACTS AND PROCEDURAL HISTORY**

In this marine insurance dispute, Plaintiffs Kenneth Grant and Dockside And Beyond, LLC ("Dockside"), seek to recover for various alleged damage to the yacht BROWN EYED GIRL (the "Vessel"), which is claimed to have suffered a lightning strike or some other form of electrical damage in May or June of 2019. The Plaintiffs refer to the marine insurance policy issued by State National, namely Tradewinds Insurance Policy TWD00000921 (the "Policy"). Here, it should be

1

noted that Plaintiff Kenneth Grant is neither a named insured nor a loss payee on the Policy, and it is therefore unclear in what capacity he is appearing in this action. In addition, the Policy identifies "Prince Williams Marine Sales, Inc." of Woodbridge, Virginia as the Loss Payee. Exhibit A, Declarations Page. Yet, Plaintiffs have not included the Loss Payee as a party to this lawsuit.

The Policy contains two provisions material to this Motion. The first is the Policy section entitled "**LEGAL ACTION AGAINST US**", which provides that:

> No person, entity or organization has a right under this policy…to sue us on this policy unless all provisions have been fully complied with.

Exhibit A at § 11, p. 5. The second relevant provision is as follows:

### 7. CHOICE OF LAW AND JURISDICTION CLAUSE

a. This **policy** shall be governed by, interpreted and construed under United States federal maritime law or, in the absence of any entrenched federal maritime law on the issue in question, under the internal laws of New York without regard to conflict of laws principles.

b. ***The parties agree to submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York with respect to any dispute arising under or in connection with this policy***. (Emphasis added).

Exhibit A at § 7, page 9.

Notwithstanding these provisions, Grant and Dockside filed suit against State National in the Horry County Court of Common Pleas on May 6, 2021. (Complaint, D.E. 1-1). State National removed the case to federal court on June 16, 2021 (D.E. 1). State National now moves to dismiss the Complaint, and in the alternative to transfer venue to the United States District Court for the Southern District of New York, as the marine insurance Policy provides and requires.

## ARGUMENT

Apart from Plaintiffs' failure to join an essential party, the arguments raised in the instant motion implicate the Policy's jurisdiction and forum selection clause. As noted above, the Policy mandates the United States District Court for the Southern District of New York as the exclusive forum for resolution of disputes arising under the Policy. Given the Policy's aforementioned requirement of compliance with its terms as a precondition of suit, the Complaint is deficient on its face and should be dismissed. At a minimum, venue should be transferred to the Southern District of New York.

### I. THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must

---

[1] Of course, notwithstanding the language regarding "factual allegations" in the standard of review, Plaintiffs plead no facts of relevance to this Motion, as the grounds for dismissal under *Fed. R. Civ. P.* 12(b)(6) are that, in order for suit to be maintained against the Defendant, the Policy requires compliance with all of its terms – including the jurisdiction and forum selection clause mandating litigation in the Southern District of New York – and Plaintiffs have axiomatically failed to comply with that term by filing suit in South Carolina. Exhibit A at § 11(a)(2).

accept as true all of the factual allegations contained in the complaint.[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

While a motion to dismiss is generally confined to the face of the pleadings themselves, this is not the case when a plaintiff "chooses not to attach to the complaint" a document on which its claim relies. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). *See also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004) (extrinsic document may be considered on motion to dismiss where "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity"). Here, although the Policy is not attached to the Complaint, it is referred to in the Complaint by number and is clearly essential to the Plaintiffs' claim. It is therefore proper to consider the provisions of the Policy on a motion to dismiss.

The Policy plainly conditions the insured's right to sue on full compliance with all of its provisions. Exhibit A at § 11(a)(2). That is to say, compliance with those provisions is a condition precedent of the insured's right to sue the insurer for breach. One such provision is the Policy's jurisdiction clause. This clause plainly states that the parties submit to the "exclusive jurisdiction of the United States District Court for the Southern District of New York with respect to any dispute arising under or in connection with this policy." Id. at § 7(b). Needless to say, Plaintiffs have not complied with that provision, having filed in the Court of Common Pleas for Horry

---

[2] *See supra* FN 1.

County, South Carolina. As the Plaintiffs have failed to comply with an express condition of the Policy, the Complaint is insufficient on its face and should be dismissed for failure to state a claim for which relief can be granted.

Additionally, as Plaintiff Kenneth Grant is neither a named insured nor a loss payee on the Policy, Grant has no right of his own to relief under the Policy. While Grant may be a member of the insured LLC, that alone does not give him standing to sue in his own name. Grant's claims should therefore also be dismissed for failure to state a claim for which relief can be granted.

Lastly, *Fed. R. Civ. P.* 19(1)(B)(i) provides that a "Required Party" is "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction [and who] must be joined as a party if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Here, the Policy specifically names Prince William Marine Sales, Inc. as a loss payee long with the insured. Exhibit A at p. 1. The Complaint, however, omits any reference to Prince William Marine Sales, Inc, notwithstanding the fact that it appears from the Policy's Declarations Page that the latter corporation has an interest in losses paid under the Policy. Exhibit A at p. 1.  In the hypothetical event that a court awarded relief to the Plaintiffs under the terms of the Policy, the Plaintiffs' failure to have joined the Loss Payee to this action would "impair or impede the [Loss Payee's] ability to protect [its] interest" under the Policy and would leave State National exposed to the risk of double liability.  As Prince William Marine Sales, Inc. appears to be a Virginia-based company, its joinder would not defeat diversity jurisdiction. Accordingly, the Plaintiffs' Complaint should be dismissed under *Fed. R. Civ. P.* 12(b)(7).

## II.   IN THE ALTERNATIVE, VENUE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

Even if the Complaint is not dismissed as legally insufficient and for failure to join an essential party, the Policy's forum selection clause should be enforced through transfer of this case to the proper forum.[3] In *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49 (2013), the United States Supreme Court held that forum selection clauses are enforced through some version of the doctrine of *forum non conveniens*. *Id.* at 60. A valid forum selection clause reverses the usual presumption in favor of the plaintiff's choice of forum and is "'given controlling weight in all but the most exceptional cases." *Id.* (*quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S. Ct. 2239 (1988)). Where, as here, a forum selection clause can be enforced through transfer to another federal forum, enforcement is pursuant to 28 U.S.C. § 1404(a). *Id.* at 50. A valid forum selection clause operates as a "contract or stipulation" between the parties as to proper venue. *Id.* It is enforced in the absence of "extraordinary circumstances unrelated to the convenience of the parties." *Id.*

This case involves a policy of marine insurance that is subject to federal maritime law. In this regard, marine insurance contracts are always maritime contracts as a matter of law. See *Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 362 (4th Cir. 2014); *Commercial Union Ins. Co. v. Detyens Shipyard, Inc.*, 147 F. Supp. 2d 413, 420 (D.S.C. 2001). Under maritime law, "forum selection clauses are prima facie valid and enforceable." *Jewel Seafoods Ltd. v. M/V PEACE RIVER*, 39 F. Supp. 2d 628, 631 (D.S.C. 1999) (*citing Allen v. Lloyd's of London*, 94 F. 3d 923, 928 (4th Cir. 1996)). "In general, a freely negotiated private internationalagreement, unaffected by

---

[3] The clause at issue states that the parties must submit to the "exclusive jurisdiction" of the Southern District of New York, and is therefore enforceable under the Fourth Circuit's recent decision in *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 472 (4th Cir. 2018).

fraud, undue influence, or overweening bargaining power . . . should be given full effect."[4] *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 592 (1991). Under the landmark case of *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972), a forum selection clause is binding "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10.[5]

A forum selection clause can be held unreasonable only on certain limited grounds. These include "fraud or overreaching," "grave inconvenience or unfairness of the selected forum" sufficient to deprive the opposing party of its day in court, "the fundamental unfairness of the chosen law" such that the plaintiff may be deprived of a remedy, or contravention of a strong public policy of the forum state. *Allen*, 94 F.3d at 928; *Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 651 (4th Cir. 2010). The party opposing the forum selection clause "bears the burden of proving why it should not be enforced." *BAE Sys.*, 884 F.3d at 471.

In this case, there can be no suggestion that the policy term at issue was the product either of fraud or overreaching. There is nothing gravely unfair or inconvenient about litigating in the Southern District of New York. As for the applicable law, the Policy specifies New York law in the absence of applicable U.S. maritime law. There is nothing fundamentally unfair about the law of New York or the maritime law of the United States. Finally, there is no indication that

---

[4] The Policy is not international, and therefore involves far less inconvenience in the enforcement of the jurisdiction and forum selection clause.

[5] Although *Bremen* involved an international forum selection clause, its analysis is also applied to domestic clauses. *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984); *see Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 317 (4th Cir. 1982).

enforcement of the Policy's forum selection clause would contravene a strong public policy of South Carolina.[6]

## CONCLUSION

In this case the Plaintiffs seek to enforce an insurance policy without having first complied with the conditions necessary to commence proceedings against the insurer. That failure of compliance warrants dismissal of the Plaintiffs' Complaint on its face. But even if the Complaint is not dismissed outright, this Court should enforce the parties' insurance contract by transferring venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

---

[6] In *Albemarle*, the Fourth Circuit rejected the notion that S.C. CODE § 15-7-120(A), which allows cases to be brought in accordance with South Carolina's venue statutes notwithstanding a contrary forum selection clause, represents a strong policy of the forum. 628 F.3d at 653 (4th Cir. 2010).

Respectfully submitted this 23rd day of June 2021 at Charleston, South Carolina.

|  | HINES & GILSENAN, LLC |
|--|--|
|  | /s/ Ryan Gilsenan<br>Ryan Gilsenan, Fed. ID No. 9837<br>Julius Hines, Fed. ID No. 5807<br>Edward N. Smith, Fed. ID No. 13429<br>1535 Hobby Street, Suite 203D<br>Charleston Navy Yard<br>North Charleston, South Carolina 29405<br>T: 843-266-7577<br>E: gilsenan@hinesandgilsenan.com<br>E: hines@hinesandgilsenan.com<br>E: smith@hinesandgilsenan.com<br><br>RUBIN, FIORELLA, FRIEDMAN & MERCANTE, LLC<br><br>/s/ James E. Mercante<br>James E. Mercante<br>(*Pro hac vice application forthcoming*)<br>630 Third Avenue, 3rd Floor<br>New York, NY 10017<br>T: 212-953-2381<br>E: jmercante@rubinfiorella.com<br><br>*Attorneys for the Defendant State National Insurance Company, Inc.* |

9